# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

BRYAN SIMON,

        Plaintiff,

v.                                                                                   Case No. 09-CV-595

UNITED LANDSCAPE & SNOWPLOWING INC.,
and LINDA A. SWIFT,

        Defendants.

_____

## ORDER

On March 4, 2010, upon the request of all parties, this court issued an order referring this dispute under the Fair Labor Standards Act for a mediation before Magistrate Judge Aaron E. Goodstein.[1] (Docket #16). The mediation was apparently successful, as Magistrate Goodstein informed the court on April 21, 2010, that the mediation resulted in the resolution of the plaintiff's claims. (Docket #18). However, the court heard nothing from the parties after April of 2010. On October 12, 2010, the court held a status conference, inquiring about the status of the case, with the hope that the case would be closed soon after. (Docket #21). At the status conference, the parties informed the court that there was dispute with regard to whether there was an enforceable agreement to settle the matter short of further litigation. Given how long the case had been languishing on the court's docket, the

---

[1] The court notes in passing that, according to the plaintiff's October 28, 2010 submission, the parties reached a settlement in November of 2009 and revised that settlement agreement in January of 2010. (Docket #22-1). Given that the parties reached a settlement at the latest in January of 2010, it is unclear why the parties asked that the matter be referred to a magistrate in March of 2010. (Docket #16).

court informed the parties that a quick resolution to the alleged dispute was necessary. Accordingly, the court directed the parties to file the settlement agreement and to file memoranda of law regarding whether there was an enforcement settlement to this matter. The court provided the parties specific dates by which they were required to file the appropriate materials, such that the court could resolve the dispute in an expedited manner. Specifically, the defendants were required to file a memorandum of law regarding their position by November 10, 2010. (Docket #21). The plaintiff's were required to file a reply brief by November 15, 2010. (Docket #21). The court promised that the matter would be resolved by December 10, 2010. (Docket #21).

On October 28, 2010, the plaintiff filed the settlement agreement and an accompanying letter that stated that the "document . . . speaks for itself," in that the agreement was valid on its face. (Docket #22). The plaintiff's letter directed the court to language in the settlement agreement that stated the contract could "only be modified by a writing executed by all parties," noting that "to date there has been no other writing executed by the parties that modifies the settlement agreement currently in place." (Docket #22). The court awaited the defendants' response to the plaintiff's submission, expecting a response on November 10, 2010, pursuant to the court's order at the October 12, 2010 status conference.

However, November 10, 2010, came and went. Nothing was filed by the defendants in terms of a response to the plaintiff's October 28, 2010 letter.

Moreover, the defendants' attorney did not contact the court's staff to explain the missed filing deadline. Five days later – the date the *plaintiff* was to reply to the defendant's memorandum of law – the defendants' attorney opted to file a brief in "opposition to the enforcement of the January 2010" settlement agreement. (Docket #24). As the brief was filed late, the defendants filed a motion to file the brief out of time. (Docket #23). That same day, the plaintiff filed a response to the defendants' motion. (Docket #30). Under the local rules, a moving party may serve a reply memorandum within fourteen days from service of the response memorandum. Civil L.R. 7(c). The defendants had until Thursday, December 2, 2010, to file a reply brief. *Id.;* Fed. R. Civ. P. 6(d). However, the defendants chose not to file a reply brief. Accordingly, with the benefit of the brief provided by each respective party, the court proceeds to resolve the pending motion.

Fed. R. Civ. P. 6(b)(1)(B) states that the court may retroactively grant a motion to extend the time for when an act may or must be done by "if the party has failed to act because of excusable neglect." *See also Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005). A court determines whether a party has failed to act because of "excusable neglect" by considering the relevant circumstances surrounding the party's omission. *Robb v. Norfolk & W. Ry. Co.,* 122 F.3d 354, 362 (7th Cir. 1997). The Supreme Court, in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), provided a list of factors for a court to consider in evaluating

whether "excusable neglect" exists, including "the danger of prejudice to the [non-late filing party], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* With these standards in mind, the court proceeds to examine whether the defendants have demonstrated that excusable neglect exists such that the court can allow the defendants to file a brief in opposition belatedly.

Attorney David F. Loeffler ("Loeffler") stated in his motion to "file brief out of time" the reasons for his belated filing. Specifically, Mr. Loeffler wrote that on November 5, 2010, a week after the plaintiff submitted the underlying settlement agreement, the defendants' attorney contacted his client, defendant Swift, to "advise" her that "November 10, 2010 was the date on which all papers in opposition to enforcement had to be filed with the Court." (Def.'s Mot. ¶ 2). The defendants' attorney further states that his client was confused regarding proposed affidavits that Mr. Loeffler provided his client, resulting in several days of delay.[2] *Id.* at ¶¶ 3–8. The defendants' attorney states unequivocally that "the delay was a function of Ms. Swift not fully understanding" the matter with respect to the settlement agreement. *Id.* at ¶ 9. Despite his averment that he explained to Ms. Swift that "November 10, 2010 was the date on which all papers in opposition to enforcement had to be filed with the court," *id.* at ¶ 2, Mr. Loeffler states that "Ms. Swift 'sat' on the papers

---

[2]The reasons for the confusion are unapparent from Mr. Loeffler's submission.

because she didn't understand the issue pending [had] to be decided quickly." *Id.* at ¶ 9. Mr. Loeffler concludes his motion asking the court "to conclude that the delay in filing was for good cause showing." *Id.* at ¶ 10. The defendants' attorney does not discuss whether there was excusable neglect for the belated response, a more rigorous burden than the "good cause" standard needed to normally extend a deadline. *See Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 910 (7th Cir. 1989).

Here, the court simply cannot conclude that excusable neglect exists to justify allowing the defendants' brief to be filed after it was due. In fact, it is telling to the court that the defendants' initial brief did not discuss the excusable neglect standard, and, when faced with the plaintiff's brief in opposition that raised the excusable neglect issue, the defendants' attorney opted to not file a reply brief instead of trying to muster an argument as to why excusable neglect exists. Indeed, the defendants' attorney's decision to not file a reply brief is all but a tacit admission that neglect, rather than *excusable* neglect, is what delayed the filing of the response brief in this case. Mr. Loeffler's motion admits candidly that he did not begin advising his client regarding the necessity of responding to the plaintiff's argument that the settlement agreement was enforceable until a mere five days before a response was required by the defendants. *See* Def.'s Mot. at ¶ 2. The reason Mr. Loeffler provides for why his brief was filed five days late was that his client did not grasp that she was required to review the underlying affidavits so that a brief could be filed with the court

on November 10, 2010. *Id.* at ¶ 9. Not withstanding Mr. Loeffler's attempts to throw his own client under the proverbial bus in an attempt to receive mercy from this court, the error falls squarely in the defendants' attorney's lap.[3] If his client did not grasp the importance of timely responding to the court's oral order, it was the job of Mr. Loeffler to explain the need for urgency, especially given the court's clear directives from the October 12, 2010 status conference. *Robb,* 122 F.3d at 362 ("[L]egal professionals are expected 'to exercise vigilance and caution in the performance of [their] responsibilities.'") Moreover, what is even more inexcusable is that the defendants' counsel, an attorney who has been practicing law for nearly fifty years, did nothing to inform the court that his filing was going to be late, such as a simple motion for an extension of time on November 10, 2010, or even a phone call to the court's staff. *See Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) (finding that a failure to notify the court about an inability to meet a deadline is "inexcusable"). The court noted in no uncertain terms in the October 12, 2010 hearing that this case needed to be resolved in an expedited manner. The defendants' counsel knew the deadline for filing a memorandum of law with this

---

[3]In fact, if the court accepts the version of facts provided in Mr. Loeffler's motion as completely true, the facts discussed only cut against finding excusable neglect. A central factor in courts finding excusable neglect is the fact that courts are often weary to punish clients for the deleterious actions of their attorneys. Here, if the court accepts Mr. Loeffler's comments in his motion to the court, the non-fault of the client is not even an issue, and the client, through her actions, has all but asked for this court to reject the late brief. *Cf. United States v. Guy*, 140 F.3d 735, 736 (7th Cir. 1998) ("The careless lawyer hurts his innocent client, so there is a social interest in making rules of procedure as simple as possible"); *see also Nelson v. City Colleges of Chicago*, 962 F.2d 754, 756 (7th Cir. 1992) (holding that the failure of a client to monitor the progress of litigation did not constitute "good cause.").

court, outright ignored that deadline, and now cannot muster a persuasive reason the court should excuse the failing. If the "excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language" of a written rule, *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996), the excusable neglect standard certainly cannot be met when counsel is provided in open court with a clear deadline and counsel ignores that deadline.

The court notes that while the lack of a valid reason for the delay alone warrants denying the defendants' motion, *In re Kmart Corp.*, 381 F.3d 709, 715 (7th Cir. Ill. 2004) (finding the "fault" factor in an excusable neglect analysis "immensely persuasive" and perhaps the "preeminent factor"), the court also finds that there would be significant prejudice to the plaintiff if the court disregarded the untimely filing. The settlement agreement, if valid, means that the plaintiff has been waiting for over a year for the defendants to make good on its promise. The defendants' delay, if excused by this court, could further postpone the resolution of this case several weeks, if not longer, as the plaintiff would need to reply to the defendants' submission, and the court would need time to analyze the parties' briefings.[4] More importantly, the plaintiff has had to incur further expenses as a product of having to oppose the present motion before the court and having to ask for an extension of time to file a reply brief. Additionally the court finds that the length of delay in this

---

[4] Given that the court expected this case to be concluded by December 10, 2010, and given the court's busy docket, it is unclear when the court would resolve this case if the defendants' filing was accepted.

case is significant. While typically a delay of five days could seem trivial, here, this case has dragged on far too long, which required the court to: (1) take the unusual step of having a status conference to resolve this case; and (2) impose an expedited briefing schedule for the final issue preventing this matter from being closed. The impact of granting the extension would disrupt judicial proceedings in this court: as the court noted in the October 12, 2010 status conference, to ensure that this court's long tradition of having a current docket is preserved, this case needs to be closed by December 10, 2010, a task that will not occur if defendants' motion is granted. Finally, for the reasons stated above, there is a little reason to believe that the defendants' are proceeding in good faith.

Accordingly, the court will deny the defendants' motion to file a brief out of time, and the court will order that the defendants' brief in opposition to the plaintiff's October 28, 2010 letter and its accompanying affidavits be struck from the docket, as the defendants did not have leave of court to file such documents. Moreover, without opposition to the plaintiff's October 28, 2010 letter, the court finds that the parties have a valid and fully enforceable agreement to settle this matter short of trial. Finding that a valid settlement agreement exists, this court will dismiss this case with prejudice based on that agreement. *Newkirk v. Vill. of Steger*, 536 F.3d 771, 775 (7th Cir. 2008) ("Buyer's remorse, however, cannot undo a contract to which all parties have given their assent . . . the district court did not abuse its

discretion in dismissing this case with prejudice based on the settlement agreement.")

Accordingly,

**IT IS ORDERED** that defendants' motion for extension of time (Docket #23) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that defendants' brief at Docket #24 and affidavits at Docket #25, #26, and #27 be and the same are hereby **STRICKEN**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge